IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:09-CV-36-BO

| | |
|---|---|
| LAWRENCE WILDER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILMINGTON NC POLICE, et al., )<br>)<br>Defendants. ) | **ORDER** |

This matter is before the Court on plaintiff Lawrence Wilder's motion for appointment of counsel, to recuse/impeach/prosecute, Rule 60 motion, motion for discovery/for hearing, and motion to change venue. [DE 37]. Plaintiff filed a second motion which appears duplicative of his motion at [DE 37]. [DE 39].

## BACKGROUND

Plaintiff's complaint was dismissed March 2, 2010, as frivolous pursuant to 28 U.S.C. § 1915. [DE 3]. Since that time, plaintiff, who proceeds *pro se*, has filed several motions seeking to reopen this case as well as motions to appoint counsel, for recusal of the undersigned, for hearing, and for other relief. Plaintiff's motions have been denied and those denials which plaintiff has appealed have been affirmed by the court of appeals. *See* [DE 9, 11, 16, 20, 26, 31, 35, 36].

## DISCUSSION

Rule 60 of the Federal Rules of Civil Procedure authorizes the Court to correct a clerical mistake or mistake "whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). It also authorizes the Court to relieve a party from a final judgment, order,

or proceeding for, *inter alia*, mistake, excusable neglect, fraud, newly discovered evidence, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "[B]efore a party may seek relief under Rule 60(b), a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation omitted). "It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." *Id.*

Plaintiff points to no mistake in the record which should be corrected under Rule 60(a), he has not demonstrated any threshold requirement of a motion pursuant Rule 60(b), nor has he demonstrated that any exceptional circumstances exist which would justify reopening this case. Plaintiff's motion appears largely duplicative of his earlier-filed motions, and the Court can discern no grounds for granting relief. *See* Fed. R. Civ. P. 7(b)(1)(B) (a motion must "state with particularity the grounds for seeking the order").

## CONCLUSION

For the foregoing reasons, plaintiff's motions [DE 37 & 39] are DENIED.

SO ORDERED, this __13__ day of February 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE